# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO LUNA-CAMPOS,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV,<br><br>    Respondent. | Case No. 1:13-cv-01193-AWI-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[ECF NO. 18] |

Petitioner is proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 31, 2013, Petitioner filed the instant petition for writ of habeas corpus. Respondent filed an answer on October 28, 2013, and Petitioner filed a traverse on November 14, 2013. He contends his due process rights were violated during a disciplinary process because an individual not employed by the Federal Bureau of Prisons sanctioned Petitioner with a loss of good conduct time credits based on an incident report for misconduct.

On May 2, 2014, Respondent filed a motion to dismiss the petition as moot. Petitioner did not file an opposition.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67,

70 (1983); NAACP., W. Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

The instant petition is moot since Petitioner has been released from custody, and there is no further relief this Court can grant. Resp't's Mot. to Dismiss, Ex. 1, Klein Decl., at ¶ 2; Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc/ (last visited May 8, 2014) (showing Petitioner released on April 18, 2014).[1]

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and this action be DISMISSED for mootness.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 3, 2014**               **/s/ Gary S. Austin**

---

[1] The Court hereby takes judicial notice of the inmate locator database maintained by the Federal Bureau of Prisons, which is a matter of public record. Fed.R.Evid. 201(b); White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) .

UNITED STATES MAGISTRATE JUDGE